**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL THOMAS, #B-71744,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 10-cv-0902-MJR** |
| | ) | |
| **DR. FUENTES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Michael Thomas (Plaintiff), an inmate in the Hill Correctional Center, was at the times relevant to this claim housed in the Menard Correctional Center. He brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint can not be dismissed at this point in the litigation.

### Summary of Facts

The following version of the facts is gleaned from Plaintiff's complaint (Doc. 1). On February 10, 2009, Plaintiff was playing basketball during recreation time and fell sideways on his left ankle. The ankle became swollen and painful, causing Plaintiff to have difficulties walking and climbing the stairs to his floor of the prison. Plaintiff reported his injury and the next day received an X-ray and examination. Plaintiff was then sent back to his cell.

Plaintiff's ankle remained swollen, discolored, and painful for several weeks. Plaintiff reported his ailment to Defendants Feinerman, Fuentes, Platt, Plk [sic], Kohring, Medford, Todaro, and Flatt but received no further medical treatment, even though Plaintiff was having difficulties walking. These Defendants told Plaintiff that he did not need further treatment, that his complaints were "only mental," and that nothing was wrong with him. However, Plaintiff continued to experience pain.

Some time later in the year Plaintiff learned that his left ankle was broken, and there was significant ligament damage.[1] Plaintiff filed a grievance, which went unanswered. Plaintiff was later transferred to a different facility, where his injury was treated.

---

[1] Plaintiff does not explain how he came to learn this information, or if he was treated.

**Discussion**

Plaintiff alleges that Defendants Feinerman, Fuentes, Platt, Plk, Kohring, Medford, Todaro, and Flatt showed deliberate indifference to his medical needs when they failed to treat his ankle injury after the initial X-ray. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Deliberate indifference encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

The United States Court of Appeals for the Seventh Circuit has explained:

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). This test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions interpreting this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").

The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (Courts will not take sides in disagreements with medical personnel's judgments or techniques). However, a plaintiff/inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (*discussing Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)).

In the case at bar, Plaintiff alleges that – through his grievances – he made Defendants aware that his injury required treatment further than the initial X-ray. The facts stated in Plaintiff's complaint indicate that Plaintiff did not receive any treatment after the X-ray examination, even though Plaintiff was having difficulties walking. Whether this lack of treatment was based on Defendants' professional opinions that the injury did not need further treatment or on the Defendants' intentional disregard for a clear risk of further harm is unclear at this point. For this reason, this claim for deliberate indifference to medical needs cannot be dismissed at this time.

**Disposition**

The Clerk of Court **SHALL PREPARE** for Defendants **FUENTES, FEINERMAN, PLATT, PLK, KOHRING, MEDFORD, TODARO,** and **FLATT** the following documents:

(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the Court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a "Certificate of Service" stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings. This entire matter will be REFERRED to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

Finally, Plaintiff is **ADVISED** that **he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address.** The Court will not independently investigate and determine Plaintiff's whereabouts. Notice of any address change shall be made in writing not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and **may result in dismissal of this action for want of prosecution.** *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 31, 2011**         **/s/ MICHAEL J. REAGAN**
                                  **Michael J. Reagan**
                                  **United States District Judge**