# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL THOMAS, #B-71744, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10–cv–902–MJR–SCW |
| | ) |
| DR. FUENTES, DR. FEINERMAN, STEPHEN PLATT, MARY ANN KOHRING, DEANA MEDFORD, CHARD TODARO, and DEREK FLATT, | ) ) ) ) ) |
| | ) |
| Defendants. | |

## **MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is Plaintiff's Motion to Compel Defendants Flatt, Platt, and Todaro for Adequate Answer to Complaint (Doc. 55). On November 10, 2010 Plaintiff filed his Complaint against various Defendants for deliberate indifference toward an ankle injury he received on the basketball courts while housed at Menard Correctional Center (Doc. 1). On March 31, 2011, the Court completed its review under § 1915 and found that Plaintiff had adequately alleged a claim against the Defendants for deliberate indifference (Doc. 11). Requests for waiver of service were sent to Defendants Flatt, Platt, and Todaro on March 31, 2011 and were returned executed on April 25, 2011 (Docs. 14, 19, 29, 31, 32). An Answer date was set for May 31, 2011.

On June 14, 2011, Defendants Flatt, Platt, and Todaro filed their Answer to Plaintiff's Complaint (Doc. 52). Subsequently, Plaintiff filed the pending Motion to Compel alleging that their Answer was inadequate and requesting that the Defendants file a more complete response. Specifically, Plaintiff alleges that Defendant denied certain paragraphs of his Complaint or stated they lacked knowledge of some of his allegations when Plaintiff alleges that the record supports his claims.

Defendants have filed a Response in opposition to the motion arguing that they have complied with the requirements of the Federal Rules of Civil Procedure (Doc. 56).

Here, the Court agrees with Defendants arguments. It appears that Plaintiff is merely dissatisfied with Defendants failure to admit liability in its Answer or their refusal to agree with all allegations alleged in Plaintiff's Complaint. However, all that is required under Rule 8 of the Federal Rule of Civil Procedure is that a responding pleading "state in short and plain terms its defenses...and...admit or deny the allegations asserted against it by an opposing party." *See* **FED.R.CIV.P. 8(b)**. Further, a denial from a party "must fairly respond to the substance of the allegation." *See* **FED.R.CIV.P. 8(b)(2)**. Further, a party may also state that they lack sufficient knowledge if they lack "knowledge or information sufficient to form a belief about the truth of an allegation". *See* **FED.R.CIV.P. 8(b)(5)**. Here, it appears that Defendants have complied with the requirements set forth in Rule 8. They have denied certain allegations and have also stated in response to several paragraphs that they lack sufficient knowledge which is an adequate response to Plaintiff's allegations under Rule 8. That Defendants have not answered the way that Plaintiff wants them to or the way in which would best help Plaintiff's case is not reason enough to compel a further response or Amended Answer. As Defendants state in their Response, the course of litigation will provide Plaintiff with opportunities to prove his allegations; Defendants are not required to admit to allegations that they believe are untrue. Accordingly, the Court **DENIES** Plaintiff's Motion to Compel (Doc. 55).

IT IS SO ORDERED.

DATED: July 11, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge