IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL THOMAS, #B-71744,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  10–cv–902–MJR–SCW |
| | ) |
| **DR. FUENTES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

  Before the Court is Plaintiff's Motion to Compel Discovery for Defendants Flatt, Todaro, and Platt (Doc. 94).  Specifically, Plaintiff seeks numerous discovery requests from Defendants which they had originally objected to or didn't provide complete answers, in Plaintiff's opinion, to his Request for Production of Documents, Request for Interrogatories directed to Defendant Stephen Platt, Request for Interrogatories directed to Defendant Derek Flatt, and Request for Admissions. Defendants have filed a Response (Doc. 97) stating that they have supplemented some of their previous answers with the information Plaintiff is seeking.  They also state that some of the information Plaintiff seeks can be found in his medical records which he has access to and object to the remaining requests for various reasons.  Plaintiff has filed a Reply brief to his motion (Doc. 98).  The Court notes, however, that the majority of the requests that are at issue in Plaintiff's motion deal with substantive issues related to the case.  As several motions to dismiss and summary judgment for failure to exhaust are still pending before the Court, all discovery other than discovery on the issue of exhaustion of administrative

remedies has been automatically stayed (*See* Doc. 61).[1]  Substantive discovery will not resume until final ruling by District Judge Reagan on the Report and Recommendation issued by the undersigned and final ruling on the Motion to Dismiss and Motions for Summary Judgment filed by Defendants which raise the issue of exhaustion.  Therefore, Plaintiff's substantive discovery requests and thus his motion to compel is premature.  The Court does note that paragraph #8 of Flatt's Interrogatories is related to the issue of administrative exhaustion but the matter raised in Plaintiff's request has no bearing on the *Pavey* hearing recently held or the ruling issued by this Court in its Report and Recommendation.  Thus, the Court **DENIES without prejudice** Plaintiff's Motion to Compel Discovery (Doc. 94).  Should Plaintiff's claims survive the exhaustion stage, Plaintiff may again seek substantive discovery at that time and re-raise any issues he has with the discovery being provided by the remaining Defendants.

IT IS SO ORDERED.

DATED: November 10, 2011

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

---

[1] Paragraph #3 of the Court's Trial Practice and Scheduling Order (Doc. 61) states that upon the filing of a dispositive motion regarding the exhaustion of administrative remedies, all discovery other than discovery on the issue of exhaustion is stayed pending resolution of the exhaustion issue.